IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DAMEON T. MILES,**

    Petitioner,

v.                                                                                              Civil Action No. **3:13CV829**

**COMMONWEALTH,**

    Respondent.

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on March 30, 2012, the Court denied a 28 U.S.C. § 2254 petition from Dameon T. Miles challenging his convictions in the Circuit Court of the City of Norfolk for robbery, malicious wounding, possession of imitation cocaine with intent to distribute within 1,000 feet of school property, and possession with intent to distribute imitation cocaine. *Miles v. Johnson*, No. 3:10cv254, 2012 WL 1081462, at *1 (E.D. Va. Mar. 30, 2012); *see Miles v. Johnson*, No. 3:10cv254, 2010 WL 4791820, at *1 (E.D. Va. Nov. 18, 2010). On December 13, 2013, the Court received from Miles a document titled, "Rule 60(b) Motion for Relief from Judgment." ("Rule 60(b) Motion," ECF No. 1.) As explained below, the Rule 60(b) Motion must be treated as a successive, unauthorized 28 U.S.C. § 2254 Petition.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held "that district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)). Additionally, the Fourth Circuit has provided the following guidance in distinguishing between a proper Rule 60(b) motion or an improper successive § 2255 motion or habeas petition:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Id.* at 207 (internal citation omitted). Here, Miles's Rule 60(b) Motion raises challenges to his Norfolk convictions, rather than any defects in his federal habeas proceedings. Accordingly, the Court must treat the Rule 60(b) Motion as a successive § 2254 petition. The Court has not received authorization from the Fourth Circuit to file the present § 2254 petition. Therefore, the action will be DISMISSED for want of jurisdiction.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Because Miles fails to satisfy this standard, a COA will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
John A. Gibney, Jr.
United States District Judge

Date: 5/14/14
Richmond, Virginia